UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | 1:26-cr-00043-JAW |
| | ) | |
| DEVIN AUSTIN BISHOP | ) | |
| | ) | |

**ORDER ON MOTION IN LIMINE TO EXCLUDE PRIVILEGED PSYCHOTHERAPIST-PATIENT COMMUNICATIONS**

The court dismisses without prejudice a defense motion to exclude evidence of privileged psychotherapist-patient communications from this criminal trial because the government has represented that it does not intend to present such evidence.

## I. BACKGROUND

On April 8, 2026, a federal grand jury for the District of Maine indicted Devin Austin Bishop for failing to report arrival and present for inspection, an alleged violation of 19 U.S.C. § 1433, and assault on a federal officer, an alleged violation of 18 U.S.C. § 111(a). *Indictment* at 1-2 (ECF No. 34). As the Government's trial brief reveals, the two federal charges arise from an incident on February 22, 2026, wherein Mr. Bishop is alleged to have approached the Lubec, Maine Port of Entry and, as he neared the primary inspection booth, turned into the outbound lane used by travelers leaving the United States and drove into the United States at a high rate of speed. *Gov't's Trial Br.* at 2 (ECF No. 121). Customs and Border Protection Officer Ceccardi is alleged to have pursued Mr. Bishop and upon stopping him, the Government claims Mr. Bishop resisted arrest and assaulted Officer Ceccardi. *Id.* at 3-4. Mr. Bishop was subdued and arrested and taken to a local hospital. *Id.* at 4. The case is set for trial

in the November term of court with jury selection to take place on November 4, 2026 and trial to commence on November 9, 2026. *Final Pretrial Order* (ECF No. 79).

On October 22, 2026, Mr. Bishop filed a motion in limine to exclude privileged psychotherapist-patient communications. *Def.'s Mot. in Limine to Exclude Privileged Psychotherapist-Patient Comms.* (ECF No. 101) (*Def.s' Mot.*). On November 2, 2026, the Government responded to Mr. Bishop's motion. *Gov't's Resp. to Def.'s Mot. in Limine to Exclude Psychotherapist-Patient Comms.* (ECF No. 123) (*Gov't's Resp.*).

Mr. Bishop seeks an order "excluding from trial any confidential communications [Mr. Bishop] made to a psychotherapist or to any person participating in his mental health diagnosis or treatment at a psychotherapist's direction." *Def.'s Mot.* at 1. Specifically, he asks that the order exclude "(1) the testimony of Lori LaLime, PMH-NP, of Northern Light Acadia Hospital (Acadia), and of any other Acadia and/or Downeast Community Hospital clinician, about what [he] said during his February 23, 2026 telepsychiatry evaluation, his later telehealth re-evaluations, and his inpatient admissions following his February 22, 2026 arrest; and (2) the records and summaries of those communication, including the Acadia "BH Telepsychiatry Evaluation," and any diagnosis, assessment, or treatment information drawn from them." *Id.* Mr. Bishop also mentions that Libby Hanley, LCPC, was involved in the conducting the February 23, 2026 telepsychiatry evaluation in conjunction with Nurse LaLime. *Id.* at 2. Mr. Bishop concedes that "[t]he Government has indicated it does not plan to offer [Mr. Bishop's] records into evidence." *Id.* at 1 n. 1.

In response, the Government states that it "does not plan to present testimony from Lori LaLime, Libby Hanley, or any other psychotherapist or clinician participating in the Defendant's mental health diagnosis/treatment" and "does not plan to seek the admission of any records regarding the Defendant's mental health evaluations/treatment or solicit testimony from other witnesses regarding the Defendant's mental health evaluations/treatment." *Gov't's Resp.* at 1. The Government observes, however, that it reserves the right to call "non-mental health personnel not participating in the Defendant's mental health diagnosis or treatment" at Downeast Community Hospital and elsewhere, because they "do not fall under the psychotherapy-patient privilege." *Id.*

The Court dismisses Mr. Bishop's motion in limine because, as framed, it seeks a forbidden advisory opinion. *See Pietrangelo v. Sununu*, 15 F.4th 103, 105 (1st Cir. 2021) (observing that Article III prohibits advisory opinions). Mr. Bishop seeks a court order preventing the Government from presenting evidence the Government says it does not intend to present. In fact, neither Lori LaLime nor Libby Hanley is listed as a potential witness on the Government's witness list, *Gov't's Witness List* (ECF No. 122) at 1-4, and the Government has not included any of Mr. Bishop's medical records on its list of exhibits. *Trial Ex. List* (ECF No. 114). As the Government has suggested it might call a witness who is not a psychotherapist to testify to events at "the Downeast Community Hospital or elsewhere" and, given the possibility that Mr. Bishop would object to their testimony as violative of the psychotherapist-patient privilege, the Court instructs the Government to approach

the bench before attempting to introduce any testimony that could be subject to the psychotherapist-patient privilege under Federal Rule of Evidence 501.

The Court DISMISSES without prejudice Defendant's Motion in Limine to Exclude Privileged Psychotherapist-Patient Communications (ECF No. 101).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 4th day of November, 2026